Howard Holderness, CA Bar No. 169814
MORGAN, LEWIS & BOCKIUS LLP
1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
(415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

Charles L. Babcock, IV, TX Bar No. 01479500
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Admitted Pro Hac Vice
(713) 752-4200 (Telephone)
(713) 752-4221 (Facsimile)

Attorneys for Respondent
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant and Third Party Plaintiff,<br><br>vs.<br><br>SCOTT C. HARRIS,<br>    Third-Party Defendant and Counterclaimant<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant, Third Party Plaintiff and Counterclaim Defendant | Miscellaneous Action No.<br>CV 5:08-mc-80074-JF (HRL)<br><br>**CISCO SYSTEM, INC.'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008**<br><br>Noticed hearing date and time: May 13, 2008 at 10:00 a.m.<br><br>Hon. Magistrate Judge Howard Lloyd |

I.  **STATEMENT OF ISSUES – N.D. CAL. CIVIL L.R. 7-4(A)(3)**

1. Whether the non-party witness, Richard Frenkel, who has made a prima facie showing that he has no relevant knowledge or information which would reasonably lead to the discovery of admissible evidence regarding the underlying lawsuit and where the information may be sought from him for an improper purpose because it may be relevant to two pending lawsuits against him brought by different parties regarding different allegations in different jurisdictions and where the subpoena duces tecum served on him is overbroad and burdensome and calls for privileged information, should be compelled to testify and produce documents.

2. Whether the non-party witness, Richard Frenkel, who is an attorney employed by Cisco Systems, Inc., should be made to testify about and produce documents which are covered by the Attorney Client Privilege and Work Product Rule.

3. Whether the non-party witness, Richard Frenkel, who is the author of a news-oriented website called the Patent Troll Tracker, should be forced to testify and produce documents about news articles he has published as well as his sources of information, methods of reporting and background material, because these matters are protected from compelled disclosure by federal and state statutory, common and constitutional law.

II. **INTRODUCTION**

Cisco Systems, Inc. ("Cisco") respectfully submits this memorandum in opposition to the Motion to Compel Richard Frenkel's Deposition and Document Production in April 2008 ("Motion to Compel") filed by Illinois Computer Research, L.L.C. ("ICR") and Scott C. Harris ("Harris") (collectively, "Movants") on April 7, 2008.

As the employer of Richard Frenkel ("Frenkel"), Cisco agrees with and joins in Frenkel's Memorandum in Opposition to the Motion to Compel, filed concurrently herewith and fully incorporated herein by reference. Accordingly, Cisco will not repeat all of the facts and arguments presented in that opposition here, but will set forth its position and provide additional reasons why this Court should deny the Motion to Compel. Cisco also fully incorporates herein by reference its Motion to Quash and Memorandum of Points and Authorities (N.D. Cal. Case

1.  CISCO SYSTEM, INC.'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

5:08-mc-80075-JF-HRL, docket no. 1) and Frenkel's Motion to Quash and Memorandum of Points and Authorities (*id.* at docket no. 4), both of which were filed on April 7, 2008.

Movants' subpoena seeks to compel Frenkel to reveal information that is protected from discovery by the Attorney Client Privilege and the Work Product Rule, protections Cisco owns and asserts. Indeed, subpoena request numbers 1, 3, and 4 call for information concerning confidential communications between Cisco and Fish & Richardson, P.C. ("Fish"), its lawyers, regarding legal advice sought on behalf of Cisco for the purpose of protecting its legal rights and/or information concerning the impressions, opinions, conclusions, legal theories, and research prepared by Cisco's lawyers for the purpose of protecting Cisco's legal rights in litigation or in anticipation of litigation. Because Movants have offered no justification for this Court to disregard these important protections, the Motion to Compel should be denied.

Moreover, portions of the subpoena seek information related to two cases pending in federal courts in Arkansas and Texas, where Frenkel and Cisco are defendants ("the Arkansas and Texas litigation").[1] The Arkansas and Texas litigation involve claims that Frenkel published defamatory statements on his Patent Troll Tracker website ("PTT"). Because portions of the discovery sought have no apparent relevance to the underlying case but may have relevance to the Arkansas and Texas litigation, Cisco fears that Movants' true motivation for issuing the subpoena and seeking to compel discovery is to circumvent the discovery orders of the Arkansas and Texas courts. Such conduct is a clear abuse of the subpoena power.

For each of these reasons, Cisco respectfully requests that the Court deny Movants' Motion to Compel.

### III. STATEMENT OF FACTS

Cisco agrees with and fully incorporates herein the Statement of Facts included in Frenkel's Memorandum in Opposition to the Motion to Compel.

---

[1] *John Ward, Jr. v. Cisco Systems, Inc. and Rick Frenkel*; Cause No. 08-4022 in the United States District Court, Western District of Arkansas, Texarkana Division; and *Eric Albritton v. Cisco Systems, Inc. and Richard Frenkel*; Cause No. 6:08-cv-89 in the United States District Court for the Eastern District of Texas, Tyler Division.

## IV. ARGUMENT

### A. THE MOTION TO COMPEL SEEKS DISCLOSURE OF MATERIAL PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE AND THE WORK PRODUCT RULE.

Certain requests in Movants' subpoena seek to require Frenkel to reveal information that is protected from discovery by the Attorney Client Privilege and the Work Product Rule, protections Cisco owns and asserts. Frenkel is an attorney, employed by Cisco as a Director, Intellectual Property--Consumer and Emerging Technologies, and as such oversees certain litigation involving the company. Frenkel Decl. ¶ 2. Fish has served as counsel for Cisco in certain litigation, and Frenkel has been only indirectly involved in such litigation. Frenkel Decl. ¶ 14. Accordingly, the Attorney Client Privilege and/or the Work Product Rule attach to some or all of the documents in the following requests from the subpoena:

1. Communications with Kathi Lutton concerning Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, Fish and Richardson or the relevant lawsuit;[2]

3. Communications with Fish or its counsel concerning Scott Harris, NSHN, James B. Parker, Courtney Sherrer, Raymond P. Niro or the relevant lawsuit, including without limitation, an identity of the individuals from Fish with whom communications were made and the substance of those communications; and

4. All lawsuits where Fish was retained by Cisco for representation, including any in which Kathi Lutton filed an appearance.

Indeed, some or all of the testimony and material covered by these requests concerns confidential communications between Cisco and its lawyers regarding legal advice sought on behalf of Cisco for the purpose of protecting its legal rights. Friedman Decl. ¶ 4. Accordingly, the requests seek to compel material protected by Cisco's Attorney Client Privilege, a privilege that Cisco has not waived. *Id.* Moreover, some or all of the testimony and material covered by

---

[2] The relevant lawsuit is defined in the subpoena as the above-entitled action pending in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 07 C 5081 (the "Chicago case").

3.   CISCO SYSTEM, INC.'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

the requests concerns the impressions, opinions, conclusions, legal theories, and research prepared by Cisco's lawyers for the purpose of protecting Cisco's legal rights in litigation or in anticipation of litigation. *Id.* at ¶ 5. Accordingly, the requests seek to compel material protected by the work product rule, a protection that has not been waived. *Id.*

Movants have not, and cannot, explain – much less prove – how these requests are exempt from the protections afforded to Cisco by the Attorney Client Privilege and the Work Product Rule, or how such protections were waived. Thus, the Court should deny Movants' Motion to Compel with respect for subpoena request numbers 1, 3, and 4.

### B. CERTAIN REQUESTS FOR TESTIMONY AND DOCUMENTS CALL FOR INFORMATION NOT RELEVANT TO THE CHICAGO CASE BUT WHICH MAY BE AT ISSUE IN THE ARKANSAS AND TEXAS LITIGATION.

Frenkel's PTT is a popular website that provides interesting, timely and important information to the patent community and others. Frenkel Decl. ¶¶ 3-4, 9. As the name would suggest, its point of view was sometimes critical of shell corporations established solely for the purpose of filing patent litigation (colloquially known as "patent trolls") and thus, a counterpoint to Harris's website and written articles by Raymond Niro, Movants' counsel, which generally extolled their virtue. *Id.* at ¶ 6. A PTT posting on October 18, 2007 has resulted in defamation litigation in separate federal courts in Arkansas (Texarkana) and Texas (Tyler) brought by two attorneys (not Niro or his firm).

The following discovery requests from the subpoena might have relevance to the Arkansas and Texas litigation but would seem to have nothing to do with the claims and defenses in the Chicago case:

5. Factual bases for Patent Troll Tracker blog articles identified in Exhibits A to C.

6. Investigative materials, sources for, and procedure for Patent Troll Tracker blog articles identified in Exhibits A to C.

7. All Patent Troll Tracker blog entries concerning Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, or the relevant lawsuit.

8. The origin and history of the Patent Troll Tracker blog.

9. The decisions on subjects, including but not limited to Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, addressed in the Patent Troll Tracker blog.

Using the subpoena power of the court to divulge information for an unrelated case is, of course, improper. *See U.S. v. Santiago-Lugo*, 904 F. Supp. 43, 47-48 (D.P.R. 1995) (holding that the use of civil subpoenas to discover evidence for an unrelated case was an improper "fishing expedition" and an abuse of the subpoena power). Accordingly, Cisco respectfully requests that the Court deny the Motion to Compel.

## IV.  CONCLUSION

For all of the foregoing reasons, Cisco respectfully requests that the Court deny Movants' Motion to Compel.

Dated: April 21, 2008                                   MORGAN, LEWIS & BOCKIUS LLP


By _____
   Howard H. Holderness

Attorneys for Respondent
CISCO SYSTEMS, INC.

1

Dated: April 21, 2008

JACKSON WALKER L.L.P.

By _____
Charles L. Babcock

Attorneys for Respondent
CISCO SYSTEMS, INC.

6.

CISCO SYSTEM, INC.'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008